# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2011

No. 10-20639
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MIGUEL SANCHEZ, also known as Jose M. Sanchez, also known as Jose Sanchez Zuniga, also known as Jose S. Zuniga,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-252-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Miguel Sanchez appeals the 32-month sentence imposed following his guilty plea conviction for illegally reentering the United States after having been removed following a felony conviction, in violation of 8 U.S.C. § 1326(b)(1). Sanchez argues that his sentence, which was an upward departure from the advisory guidelines range, is substantively unreasonable because it is greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanchez has failed to demonstrate that his 32-month sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The district court's stated reasons for its decision to impose a departure takes into consideration Sanchez's history and characteristics; advances the objectives of promoting respect for the law, providing deterrence, and protecting the public from further crimes of the defendant; and are justified by the facts of the case. *See* § 3553(a)(1), (a)(2)(A)-(C). Additionally, though Sanchez lists a set of factors he contends the court did not consider, he presents no convincing argument that any of these is substantial enough that it should have been weighted more heavily. Further, the 32-month sentence imposed represents a five-month upward departure from the top of his advisory guidelines range and is within the statutory maximum. *See* § 1326. We have affirmed far more substantial departures than the one imposed in this case. *See e.g., United States v. Smith*, 417 F.3d 483, 491-93 & n.40 (5th Cir. 2005); *United States v. Saldana*, 427 F.3d 298, 312 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.